**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

D3 LED, LLC,
11370 Sunrise Park Drive
Rancho Cordova, California 95742

Plaintiff,

**vs.**

,
1342-12, Gyeongchung-daero
Chowol-eup, Gwangju-si,
Gyeonggi-do, 12735
South Korea

Defendant.

Civil Action No. 1:17-cv-2604

**COMPLAINT AND DEMAND FOR JURY TRIAL**

D3 LED, LLC ("Plaintiff" or "D3 LED") alleges the following for its Complaint against Edge I&D Co., Ltd ("Defendant"):

## I. NATURE OF THE CASE

1. For more than a decade, D3 LED has created and sold a highly successful line of LED digital displays for commercial and business usage. Millions of people see and are influenced by D3 LED products every day. Some of D3 LED's most recognized works include the "ripple" and wrap-around display at ABC Studios in Times Square, the custom interior display for ABC's Good Morning America Show, and the custom interior LED displays on the set of NBC's TODAY Show.

2. Plaintiff has used the mark "D3" both standing alone and with other words and designs on and in connection with its LED digital display products and services in commerce since at least as early as 2006.

3. To exploit and freeride on Plaintiff's goodwill and reputation, Defendant has adopted and is using an identical "D3" mark, without authorization from Plaintiff on and in connection with competing digital displays.

4. By using Plaintiff's mark, customers and others are likely to believe, mistakenly, that Defendant's products and services are those of Plaintiff, or that they are associated with, licensed or endorsed by, or otherwise authorized by D3 LED. Defendant is willfully violating Plaintiff's intellectual property rights and is deliberately trading on D3 LED's hard-earned reputation and goodwill.

5. Thus, D3 LED brings this action for trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114; unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and for unfair competition under the common law of the District of Columbia. D3 LED seeks permanent injunctive relief, an accounting and award of Defendant's profits, compensatory and/or treble damages, an award of D3 LED's costs in this action and attorneys' fees, and other such relief as the Court deems just and proper.

## II. THE PARTIES

6. D3 LED is a Delaware limited liability company with its principal place of business at 11370 Sunrise Park Drive, Rancho Cordova, California 95742.

7. Upon information and belief, Defendant is a private limited company registered in South Korea with its principal place of business at 1342-12, Gyeongchung-daero, Chowol-eup, Gwangju-si, Gyeonggi-do, 12735, South Korea.

## III. JURISDICTION AND VENUE

8. This Court has subject-matter jurisdiction under Section 39 of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367.

9. Pursuant to the District's long-arm statute, D.C. Code § 13-423(a)(1)-(4), this Court has personal jurisdiction over Defendant by virtue of its doing business within the District of Columbia and its contacts with the District of Columbia so as to submit itself to the jurisdiction and process of this Court, including at least the following acts: (a) offering to sell, advertising and promoting its services using the infringing mark in the District of Columbia and the United States; (b) attending industry conferences in the District of Columbia and the United States at which it offered to sell, advertised and promoted its products and services using the infringing mark; and (c) employing a sales and product distribution representative who promotes and markets Defendant's products and services in the District of Columbia, as detailed herein.

10. Alternatively, to the extent Defendant is not subject to an exercise of personal jurisdiction under D.C. Code § 13-423(a)(1)-(4), this Court has personal jurisdiction over Defendant pursuant to Federal Rule of Civil Procedure 4(k)(2) as Defendant is not otherwise subject to an exercise of personal jurisdiction in any other forum but Defendant's numerous contacts with the United States make jurisdiction appropriate and consistent with due process under the United States constitution.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because certain of the complained-of acts occurred in this District and because Defendant is subject to an exercise of personal jurisdiction in this District.

## IV. FACTS COMMON TO ALL CLAIMS

### A. Plaintiff's D3 Marks

12. D3 LED is a global technology company that designs, engineers, manufactures, advertises and sells large outdoor and smaller indoor LED displays.

13. Plaintiff's LED displays use high-resolution technology and provide consumers with the ability to custom-design digital installations that enhance digital media experiences, all of which can be controlled through a centrally located, high powered, media operating system.

14. In addition, D3 LED also services the digital display systems it creates and installs. D3 LED's high-quality portfolio of products and expertise are well known and highly esteemed throughout the advertising, architecture, entertainment, gaming, retail, sports, and other business and commercial sectors.

15. D3 LED has used the mark D3 in commerce continuously and without interruption since at least as early as October 23, 2006.

16. Plaintiff owns U.S. Trademark Reg. No. 3,365,320, issued by the United States Patent and Trademark Office ("USPTO") on January 8, 2008, for the mark D3 in standard characters, for "LED digital displays for commercial usage; LED luminous signs for commercial usage; LED displays for commercial usage." **Exhibit 1** is a copy of the Certificate of Registration for this mark.

17. Plaintiff owns U.S. Trademark Reg. No. 3,548,365, issued by the USPTO on December 16, 2008, for the mark D3 LED in standard characters, for "LED digital displays for commercial usage; LED luminous signs for commercial usage; LED displays for commercial usage." **Exhibit 2** is a copy of the Certificate of Registration for this mark.

18. Plaintiff owns U.S. Trademark Reg. No. 3,545,318, issued by the USPTO on December 9, 2008, for the mark D3 DYNAMIC DIGITAL DISPLAYS & Design, depicted below, for “LED digital displays for commercial usage; LED luminous signs for commercial usage; LED displays for commercial usage.”

**Exhibit 3** is a copy of the Certificate of Registration for this mark.

19. Plaintiff owns U.S. Trademark Reg. No. 4,595,577, issued by the USPTO on September 2, 2014, for the mark D THREE DYNAMIC DIGITAL DISPLAYS & Design, depicted below, for “Engineering and consulting services relating to the design and development of LED display systems for commercial use; custom development of software for others, namely, LED display software.”

**Exhibit 4** is a copy of the Certificate of Registration for this mark.

20. Plaintiff owns U.S. Trademark Reg. No. 4,814,694, issued by the USPTO on September 15, 2015, for the mark D3 DYNAMIC DIGITAL DISPLAYS & Design, depicted below, for “LED lighting fixtures for use in display, commercial, industrial, residential, and architectural accent lighting applications; LED light assemblies for street lights, signs, commercial

lighting, automobiles, buildings, and other architectural uses; LED lighting systems, namely, LED modules, power supplies, and wiring."



**Exhibit 5** is a copy of the Certificate of Registration for this mark.

21.     Plaintiff owns U.S. Trademark Reg. No. 4,732,240, issued by the USPTO on May 5, 2016, for the mark D3 DYNAMIC DIGITAL DISPLAYS & Design, depicted below, for "LED digital displays for commercial usage, LED luminous signs for commercial usage, LED displays for commercial usage; LED display multi-media operating systems for commercial use, namely, media content player devices that play both pre-recorded and live video, stills, graphics, animation, and other digital imagery, and LED display controllers that process digital signals the display and communicate bi-directionally with the LED display, allowing for pixel level color, brightness, and luminance control and display performance diagnostics."



**Exhibit 6** is a copy of the Certificate of Registration for this mark.

22.     Pursuant to 15 U.S.C. § 1057(b), Plaintiff's federal trademark registrations are *prima facie* evidence of the validity of these marks, as well as D3 LED's ownership and exclusive right to use these marks in commerce in connection with the goods and services identified in the

registrations. Moreover, Plaintiff's D3, D3 LED, and D3 DYNAMIC DIGITAL DISPLAYS & Design marks, referred to above in Paragraphs 16, 17, and 18, respectively, have become incontestable pursuant to 15 U.S.C. § 1065, and they therefore constitute conclusive evidence of the validity of the marks shown therein, and of the registration of those marks, of Plaintiff's ownership of those marks, and of Plaintiff's exclusive right to use those marks in commerce on the services specified therein. Plaintiff's marks, referenced above in Paragraphs 16-21, and their common-law equivalents, are collectively referred to as the "D3 Marks."

23. Plaintiff maintains a significant Internet presence, including an Internet website at D3LED.COM that prominently displays and incorporates Plaintiff's D3 Marks. **Exhibit 7** is a copy of the home page displayed at D3LED.COM, as printed on November 28, 2017.

24. D3 LED's primary domain name, D3LED.COM, has been registered since at least April 17, 2006, and the D3LED.COM website serves as a central point for information on D3 LED's products and services. D3 LED displays its D3 Mark prominently at the top of each webpage associated with D3LED.COM, as the image below depicts. *See id.*



25. D3 LED also promotes its products and services using its D3 Mark through D3-branded social media accounts. For example, it uses the social media handle "D3: Dynamic Digital Displays" and the D3 Mark as its profile picture on Facebook, as depicted below, at https://www.facebook.com/D3-Dynamic-Digital-Displays-89789544887.



**Exhibit 8** is a copy of Plaintiff's Facebook page, as printed on November 28, 2017.

26. Plaintiff also uses the above depicted D3 Mark as its profile picture on Twitter, where it uses the social media handle "@D3LED." **Exhibit 9** is a copy of Plaintiff's Twitter page available at https://twitter.com/D3LED, as printed on November 30, 2017.

27. Plaintiff also promotes its products and services on YouTube, where it uses the social media handle "D3 Dynamic" along with the profile picture shown below.



**Exhibit 10** is a copy of Plaintiff's YouTube page at www.youtube.com/user/D3Dynamic, as printed on November 30, 2017.

28. D3 LED's use and promotion of its D3 Mark on the Internet, including in social media, reinforce the public's awareness of Plaintiff's D3 Mark and strengthen the public's recognition of D3 LED's products and services by the consuming public.

29. D3 LED has invested substantial amounts of time and sums of money in advertising, marketing, and promoting the D3 Marks, and through such advertising and marketing campaigns, D3 LED has generated substantial goodwill and customer recognition in the D3 Marks. D3 LED also has derived significant revenue from its sale of products and services under the D3

Marks. Because of D3 LED's long and continuous use and promotion of its D3 Marks in the United States, the D3 Marks have become distinctive. Consumers of LED digital displays, LED lights and signs, and related LED products and services recognize the D3 Marks as symbols of the highest quality of such products and services, and associate and identify the D3 Marks with D3 LED or with a single source.

30. Plaintiff's D3 Marks are assets of incalculable value as identifiers of D3 LED and its high quality products and services.

**B. <u>Defendant's Infringing Actions</u>**

31. Upon information and belief, with intent to capitalize upon D3 LED's investment and goodwill, Defendant has adopted an identical "D3" mark (the "Infringing D3 Mark").

32. Defendant uses the Infringing D3 Mark in connection with LED digital displays that are competing with or highly related to Plaintiff's LED digital displays. Defendant describes itself as a "global leader in the design, manufacture, and innovation of Interactive Flat Touch Screen Displays (IFTDS). Through our knowledge and practical solutions we provide touch screen and digital signage technology to our users in both business and education." **Exhibit 11** is a copy of Defendant's "About Us" page, as printed on November 28, 2017.

33. Defendant uses the Infringing D3 Mark on its website, located at the confusingly similar domain name, D3WORLD.NET. According to the domain name registration information available at whois.domaintools.com, Defendant adopted and registered its domain name on March 7, 2016, approximately ten years after Plaintiff registered and began using its own D3LED.COM domain name. **Exhibit 12** is a copy of the domain name information, as provided by Domain Tools at www.whois.domaintools.com/d3world.net, printed on November 29, 2017.

34. Defendant displays its Infringing D3 Mark prominently at the top of each webpage associated with D3WORLD.NET, as the image below depicts.



**Exhibit 13** is a copy of the homepage available at D3WORLD.NET, as printed on November 30, 2017.

35. Upon information and belief, Defendant significantly increased the promotion of its goods and services in the United States, including in the District of Columbia, in 2016 and 2017.

36. For example, upon information and belief, in 2016 Defendant began promoting its goods and services via the same social media websites as Plaintiff, including Facebook, Twitter, and YouTube, using confusingly similar social media handles and profile pictures. Defendant uses the profile picture, depicted below, in association with each of its social media accounts. Defendant uses the social media handle "D3" on Facebook and YouTube; it uses "@edgeindd3" on Twitter.



**Exhibit 14** comprises copies of Defendant's Facebook, Twitter, and YouTube pages, as printed on November 28, 2017.

37. Defendant's uses of the Infringing D3 Mark in the United States are not contained to online uses. Defendant has promoted its products and services at numerous tradeshows in the

United States, *including* at trade shows where Plaintiff promotes its own goods and services, through various media outlets, and through a sales and distribution representative employed in the United States.

38. For example, in 2014 Defendant promoted its digital displays and services at the InfoComm International Trade Show in Las Vegas, Nevada as shown below.



39. InfoComm advertises at www.infocommshow.org (last visited November 30, 2017) as "the largest, most exciting event in North America focused on the pro-AV industry, with 1000 exhibitors, thousands of products, and 44,000 attendees from 110 countries."

40. Upon information and belief, Defendant also promotes its goods and services in the District of Columbia. In 2016, Defendant participated in the 2016 KORUS Procurement Partnership program in the District of Columbia. According to Defendant's website, Defendant attended the 2016 KORUS Procurement Partnership event in Washington, D.C., and that this networking event is "designed to help the participating Korean companies grow their business and

have face-to-face meetings with 70 premium vendors in defense industry, U.S. federation, and the state government organization." This event provided Defendant the opportunity to "show innovative products and technologies that could open new doors and develop partnerships that give competitive advantage in the market and start long lasting mutually beneficial business relationships." **Exhibit 15** is a copy of Defendant's July 6, 2016 post titled "Aiming a [*sic*] niche market of $29 trillion U.S. Procurement," and available at edgeind.com/aiming-a-niche-market-of-29-trillion-u-s-procurement/, as printed on November 29, 2017.

41. Upon information and belief, in 2017, Defendant further promoted its goods and services in the District of Columbia at the 2017 Microsoft Inspire Conference, held July 9-13, 2017. Defendant posted about its attendance at the event on its website and via social media. *See* Exhibit 14.

42. Upon information and belief, Defendant has further promoted its goods and services at other industry events across the United States, including at least one event in Boston, Massachusetts from April 9-11, 2016, as evidenced by a photograph posted on Defendant's Facebook page, posted on April 14, 2016. **Exhibit 16** is a copy of the photograph, as posted at https://www.facebook.com/D3World/photos/a.434699510069052.1073741828.434383400100663/468305336708469/?type=3&theater, and printed on November 28, 2017.

43. Also in 2017, upon information and belief, Plaintiff began promoting its products at the Archbishop Edward A. McCarthy High School located in Southwest Ranches, Florida. *See* **Exhibit 17** is a copy of Defendant's blogpost regarding the same, available at d3world.net/blog/2017/05/10/d3-intel-partnership/, as printed on November 30, 2017.

44. Upon information and belief, Defendant's products and services are featured in the same industry publications as Plaintiff's products and services, and therefore are likely to be

viewed by the same segments of the market for digital media products and services. For example, both Plaintiff's and Defendant's products and services have been reviewed or promoted by rAVe Publications, a digital news organization that covers the audiovisual industry. rAVe Publications' coverage of Plaintiff following the 2017 Digital Signage Expo, is posted on YouTube at https://www.youtube.com/watch?v=slYmp8nzuMQ (last viewed on November 30, 2017). rAVe Publications' coverage of Defendant following its attendance at the same trade show, is also posted on YouTube, and is available at https://www.youtube.com/watch?v=TlGbqeryrpg&t=20s (last viewed on November 30, 2017).

45.     Upon information and belief, Defendant employs at least one sales and distribution representative to manage and promote its products and services in the United States who is primarily focused on the Washington D.C. Metro Area. According to the LinkedIn profile page of Eric Kriemelmeyer, Mr. Kriemelmeyer has been employed by Defendant since 2014, and continues to be employed by Defendant, engaging in "USA Sales and Distribution" for Defendant. **Exhibit 18** is a true copy of Mr. Kriemelmeyer's LinkedIn profile page, available at https://www.linkedin.com/in/erickriemelmeyer/, as printed on November 28, 2017. Mr. Kriemelmeyer's LinkedIn profile page states that he is located in the Washington D.C. Metro Area. *See id.*

46.     Upon information and belief, Defendant's adoption and use of the Infringing D3 Mark have caused and/or are likely to cause confusion among the public, including consumers of digital media products and services.

47.     Upon information and belief, Defendant's adoption of the Infringing D3 Mark and Defendant's continued use of the Infringing D3 Mark are with the specific intent of

misappropriating and trading on the goodwill associated with D3 LED's prior-established D3 Marks.

48. Defendant's actions have caused, and will continue to cause, D3 LED irreparable harm for which money damages and other remedies are inadequate. Unless Defendant is restrained by this Court, it will continue and/or expand its unlawful activities and otherwise continue to cause great and irreparable damage and injury to D3 LED by, among other things:

a. depriving D3 LED of its rights to use and control use of its trademarks;

b. creating a likelihood of confusion, mistake, and deception among consumers and the trade as to the source of the infringing products and services;

c. causing the public falsely to associate D3 LED with Defendant and/or Defendant's products and services, or vice versa; and

d. causing incalculable and irreparable damage to D3 LED's goodwill and diminishing the capacity of D3 LED's trademarks to differentiate D3 products and services from those of others.

49. Accordingly, in addition to the other relief sought, D3 LED is entitled to preliminary and permanent injunctive relief against Defendant, its officers, directors, employees, affiliates, and all persons acting in concert with it.

## V. FIRST CAUSE OF ACTION
## FEDERAL TRADEMARK INFRINGEMENT
## 15 U.S.C. § 1114 (Lanham Act § 32)

50. D3 LED realleges and incorporates by reference each of the allegations contained in all previous paragraphs set forth above in this Complaint, as if fully set forth here.

51. Defendant's unauthorized and infringing use of Plaintiff's D3 Marks and colorable imitations thereof is likely to cause confusion, mistake, or deception as to the source, sponsorship,

or approval of Defendant's services by D3 LED. The consuming public is likely to believe that Defendant's products and services offered under the Infringing D3 Mark (i) originate with D3 LED; (ii) are licensed, sponsored or approved by D3 LED; or (iii) in some way are connected with or related to D3 LED, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114. Upon information and belief, Defendant's adoption and use of the name D3 and the Infringing D3 Mark have created actual confusion among consumers of digital media and audiovisual products and services including, but not limited to, LED displays, as to sponsorship and affiliation between the parties.

52.     Defendant's unauthorized and infringing use of D3 LED's D3 Marks and colorable imitations thereof was intentionally done with a view and purpose of trading on and benefitting from the substantial reputation and goodwill in the United States associated with the D3 Marks. Such unauthorized use by Defendant constitutes intentional and willful infringement of D3 LED's rights in and to its federally registered D3 Marks in violation Section 32 of the Lanham Act, 15 U.S.C. § 1114.

53.     Defendant's acts of trademark infringement have injured D3 LED in that D3 LED has suffered damage to its reputation and customer goodwill as a direct and proximate result of Defendant's unlawful conduct. In addition, Defendant has been unjustly enriched by reason of its trademark infringement in that it has achieved sales and profits, and the opportunity to earn future sales and profits, as a direct and proximate result of its unlawful conduct.

54.     Defendant's trademark infringement has caused, is causing, and will continue to cause irreparable and inherently unquantifiable injury and harm to D3 LED's business, reputation, and goodwill, unless this Court enjoins Defendant's unlawful conduct.

55. D3 LED is entitled to injunctive relief, to recover all damages sustained by Defendant's actions and/or all profits realized by Defendant through its use of the Infringing D3 Mark in connection with the offering for sale and sale of its products and services, and to recover the costs of this action.

56. Defendant's actions have been willful and deliberate, entitling D3 LED to recover treble damages and/or profits and an award of reasonable attorneys' fees against Defendant.

## VI.  SECOND CAUSE OF ACTION
## FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
## 15 U.S.C. § 1125(a) (Lanham Act § 43(a))

57. D3 LED realleges and incorporates by reference each of the allegations contained in all previous paragraphs set forth above in this Complaint, as if fully set forth here.

58. Defendant's conduct includes the use of words, designations, and domain names tending falsely to describe the origin of its products and services, within the meaning of 15 U.S.C. § 1125(a)(1). Defendant's conduct is likely to cause confusion, mistake, or deception by or in the public as to D3 LED's affiliation, connection, association, origin, sponsorship, endorsement, or approval of Defendant's products and services, to the detriment of D3 LED and in violation of 15 U.S.C. § 1125(a). Upon information and belief, Defendant's use of the Infringing D3 Mark has created actual confusion among consumers of digital media and audiovisual products and services including, but not limited to, LED displays.

59. As a direct and proximate result of Defendant's infringing activities, D3 LED has suffered substantial damage and irreparable harm. Because Defendant willfully has traded on D3 LED's reputation and D3 Marks, D3 LED is entitled to an injunction, damages, disgorgement of Defendant's profits, treble damages, fees, and costs.

## VII. THIRD CAUSE OF ACTION UNFAIR COMPETITION UNDER COMMON LAW OF THE DISTRICT OF COLUMBIA

60. D3 LED realleges and incorporates by reference each of the allegations contained in all previous paragraphs set forth above in this Complaint, as if fully set forth here.

61. Defendant's conduct is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendant with D3 LED, and as to the origin, sponsorship or approval of Defendant's services, in violation of the common law of the District of Columbia.

62. Defendant has caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage and injury to Plaintiffs.

63. Plaintiff has no adequate remedy at law.

64. Defendant's unfair competition has been willful and deliberate.

## VIII. PRAYER FOR RELIEF

65. WHEREFORE, D3 LED prays that this Court grant it the following relief:

a. adjudge that Defendant has infringed D3 LED's D3 Marks in violation of D3 LED's rights under 15 U.S.C. § 1114;

b. adjudge that Defendant has competed unfairly with D3 LED in violation of D3 LED's rights under common law and 15 U.S.C. § 1125(a);

c. enjoin Defendant and its officers, directors, agents, employees, successors, assigns, affiliates, and any person(s) in active concert or participation with it, and/or any person(s) acting for, with, by, through or under it, from:

i. manufacturing, selling, offering for sale, distributing, advertising, or promoting any products or services that are offered under and/or display any words or symbols that so resemble D3 LED's D3 Marks as to be likely to cause confusion,

mistake or deception, on or in connection with any products or services not authorized by or for D3 LED, including without limitation any product, website, domain name, or social media account bearing any of Defendant's designations which are the subject of this Complaint or any other approximation of D3 LED's D3 Marks;

  ii.  using any word, term, name, symbol, device or combination of them that causes or is likely to cause confusion, mistake or deception as to the affiliation or association of Defendant or its products or services with D3 LED or its products or services offered in connection with the D3 Marks, or as to the origin of Defendant's products or services, or any false designation of origin, or false or misleading description or representation of fact;

  iii.  further infringing the rights of D3 LED in and to any of its trademarks or otherwise damaging D3 LED's goodwill or business reputation;

  iv.  otherwise competing unfairly with D3 LED in any manner; and

  v.  continuing to perform in any manner whatsoever any of the acts complained of in this Complaint;

 d. adjudge that D3 LED recover from Defendant the damages, lost profits, punitive damages and treble damages as are available in an amount to be proven at trial;

 e. require Defendant to account for any profits attributable to infringing products or services, and award D3 LED the greater of (a) three times Defendant's profits or (b) three times any damages sustained by D3 LED, under 15 U.S.C. § 1117, plus prejudgment interest;

  f. order an accounting of and impose a constructive trust on all of Defendant's funds and assets arising out of its infringing activities;

g. award D3 LED its costs and disbursements incurred in connection with this action, including D3 LED's reasonable attorneys' fees and expenses; and

h. award all such other to D3 LED as this Court deems just and proper.

## IX. JURY DEMAND

Plaintiff demands a trial by jury of all issues triable of right by a jury.

Dated: December 6, 2017

Respectfully submitted,

/s/ J. David Mayberry
J. David Mayberry
D.C. Bar #480603
Kilpatrick Townsend & Stockton LLP
607 14th Street, N.W., Suite 900
Washington, D.C. 20005
(202) 508-5800
dmayberry@kilpatricktownsend.com

Theodore H. Davis Jr.
D.C. Bar #431702
Kilpatrick Townsend & Stockton LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309-4528
(404) 815-6500
tdavis@kilpatricktownsend.com

Attorneys for Plaintiff
D3 LED, LLC